SNICKER'S, INC. et al.

v.

Bruce YOUNG et al.

No. 89–273–Appeal.

Supreme Court of Rhode Island.

May 25, 1990.

Marty C. Marran, Pawtucket, for plaintiffs.

Gerald J. Pouliot, Pawtucket, James E. O'Neil, Atty. Gen., Dorothy Fobret, Sp. Asst. Atty. Gen., for defendants.

## OPINION

PER CURIAM.

This case came before the court for oral argument on May 11, 1990, pursuant to an order that had directed the defendant, the city of Pawtucket, to appear in order to show cause why its appeal from a Superior Court order declaring that the plaintiff is entitled to provide entertainment incidental to its class-B liquor license should not be denied and dismissed. Prior to oral argument, the defendant, city of Pawtucket, withdrew its appeal of this matter. However, the issue that remains before the court is whether the Attorney General should be named as a defendant by a party challenging the constitutionality of a statute or ordinance under G.L.1956 (1985 Reenactment) § 9–30–11. The facts pertinent to the resolution of this issue are briefly as follows.

The plaintiff, Snicker's, Inc., is the holder of a valid class-B liquor license for La-Vault's Restaurant in Pawtucket. It also previously held an entertainment license, which was revoked following a hearing at which neighbors complained about noise. The plaintiff filed a complaint in Superior Court for declaratory and injunctive relief, asserting that it was entitled to have legal entertainment at its establishment without an entertainment license. The plaintiff requested a declaration that it was entitled to provide entertainment incidental to his class-B license. The plaintiff also sought a declaration that G.L.1956 (1987 Reenactment) chapter 22 of title 5, governing licensing of amusements, is an unconstitutional delegation of legislative authority to the city of Pawtucket. The plaintiff named the Attorney General of the State of Rhode Island as a party defendant pursuant to § 9–30–11, although the complaint did not contain any allegations directed against the Attorney General or the State of Rhode Island. The Attorney General's office moved for dismissal of plaintiff's complaint against it pursuant to Rule 12(b)(6) of the Superior Court Rules of Civil Procedure, which was granted.

The Attorney General intervened in this appeal for the purpose of seeking clarification of the requirements of § 9–30–11. The Attorney General asserts that § 9–30–11 does not impose the requirement that a party challenging the constitutionality of a statute name the Attorney General as a defendant, but rather it requires that the Attorney General be given notice and an opportunity to be heard. We agree.

Section 9–30–11 provides:

"When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding. In any proceeding which involves the validity of a municipal ordinance or franchise, such municipality shall be made a party, and shall be entitled to be heard, and if the statute, ordinance or franchise is alleged to be unconstitutional, the attorney-general of the state shall also be served with a copy of the proceeding and be entitled to be heard."

This statute does not require that the Attorney General be made a party to the action; it only requires that the Attorney General "be served with a copy of the proceeding and be entitled to be heard." We find that the language of § 9–30–11 indicates a legislative intention only to require that the Attorney General be given notice of the proceedings and an opportunity to be heard on behalf of the State of Rhode Island. Under the statute the Attorney General's office has the option to intervene in an action, but in its discretion it may choose not to exercise this option.